```
                  UNITED STATES DISTRICT COURT
                  EASTERN DISTRICT OF MISSOURI
                        EASTERN DIVISION
```

ATLANTIC RECORDING CORP.,        )
et al.,                          )
                                 )
            Plaintiffs,           )
                                 )
      vs.                         )     No. 4:06-CV-1708 (CEJ)
                                 )
JENNA RALEIGH,                   )
                                 )
            Defendant.            )

## **MEMORANDUM AND ORDER**

This matter is before the Court on plaintiffs' motion to compel discovery responses and for expenses related to filing this motion. Defendant has filed an opposition to the motion and the issues are fully briefed.

**I.  Background**

Plaintiffs are copyright owners or licensees of exclusive rights with respect to certain copyrighted sound recordings. Plaintiffs bring this copyright infringement action against defendant, alleging that defendant downloaded and distributed plaintiffs' copyrighted sound recordings over the Internet. Plaintiffs seek injunctive relief, statutory damages, costs, and reasonable attorney's fees.

In the instant motion, plaintiffs seek to compel defendant to provide responses to plaintiffs' first set of interrogatories that they served on defendant on October 6, 2008. Plaintiffs argue that, on November 7, 2008, defendant provided partial and inadequate responses to Interrogatories Nos. 1, 4, and 5. In a letter dated November 21, 2008, plaintiffs asked defendant to supplement her responses, or, alternatively, provide written

confirmation that she would supplement her responses within one week.  Defendant did not respond to plaintiffs' letter.  On November 25, 2008, plaintiffs contacted defendant via telephone in attempt to resolve the discovery dispute.  Defendant, however, provided no supplemental responses.

**II.  Plaintiffs' Interrogatories Nos. 1, 4, and 5**

Interrogatory No. 1 asks defendant to identify by brand name, model number, serial number, and MAC address each computer located at her residence during the three-year period prior to the filing date of plaintiffs' complaint.  (Doc. #54-2, at 3).  Defendant provided the following response:

> eMachine, model number, serial number and MAC address(s) unknown. [Defendant] does not know the brand name, model number, serial number or MAC address(s) of any other computers located at her residences during the three years prior to the date of the Complaint in this action filed.[1]

(Doc. #53, at 7).

In her response to plaintiffs' motion to compel, defendant states that "neither Raleigh nor anyone in her family has custody or control of the [eMachine] computer, nor has any information as to its current whereabouts or conditions [because] they got rid of it after [she] graduated in 2004."  (Doc. #54, at 4-5).  If this is the case, then defendant must say so under oath in a supplement to her answer to the interrogatory and must describe the efforts she has made to obtain the information.  See Budget Rent-A-Car of Mo.,

---

[1] Because defendant provided the brand name, eMachine, plaintiffs no longer seek to compel this information.  (Doc. #58, at 1 n.1).

- 2 -

Inc. v. Hertz Corp., 55 F.R.D 354, 357 (W.D. Mo. 1972). The statement of defendant's counsel in response to the motion to compel cannot serve as a substitute for the defendant's sworn answer to an interrogatory.

Interrogatory No. 4 requests defendant to identify all persons who resided with her during the three years prior to the filing date of plaintiffs' complaint. (Doc. #54-2, at 4). Plaintiffs define the term "identify" as "to give, to the extent known, the person's full name, present or last known address, . . . their age, their relationship to [defendant] and their present or last known place of employment." (Doc. #54-2, at 2). In her answer, defendant provided a list of 119 names. Defendant asserts that she cannot provide additional information for the 119 individuals because she has not kept in contact with them. For the same reasons stated above, the defendant must state under oath her inability to answer the interrogatory fully and must detail the efforts she has made to obtain the identification information for each of the 119 individuals. See Hertz Corp., 55 F.R.D 354, 357.

Interrogatory No. 5 requests defendant to identify all persons with whom she shared a room with during the 2003-2004 academic year. (Doc. #54-2, at 4). In response, defendant provided the same list of 119 names that she gave in response to Interrogatory No. 4. The defendant contends that her answer is sufficient because she shared numerous rooms with numerous individuals within her sorority house. Implicit in this contention is defendant's unreasonable interpretation of the interrogatory. In short, it is

too clever by half. Such gamesmanship is not appreciated by the Court nor will it be tolerated in discovery or in any other aspect of this case. The defendant will be required to supplement her answer by providing the requested information with respect to each person with whom she shared a room with during the 2003-2004 academic year. If any such information is not available to defendant, then she must state this under oath and describe the efforts she made to obtain the information.

**III. Reasonable Expenses for Plaintiffs' Motion to Compel**

Plaintiffs' seek an award of reasonable expenses incurred in filing their motion to compel. The Federal Rules of Civil Procedure provides that, if a court grants a motion to compel:

> [T]he court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees. But the Court must not order this payment if:
>
> (i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without the court action;
>
> (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or
>
> (iii) other circumstances make an award of expenses unjust.

Fed.R.Civ.P. 37(a)(5)(A).

Plaintiffs made a good faith effort to obtain supplemental responses without court action when plaintiffs' counsel contacted defendant by letter and by telephone. As discussed above, defendant failed to describe the efforts she made to obtain the

information requested in Interrogatories Nos. 1, 4 and 5. Defendant also demonstrated a lack of good faith by listing 119 people as her roommates during the 2003-2004 academic year. The Court finds that the defendant's failure to answer the interrogatories fully was not substantially justified. Consequently, the Court concludes that an award of reasonable expenses to plaintiffs is appropriate.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiffs' motion to compel discovery responses [Doc. #53] is **granted.**

**IT IS FURTHER ORDERED** that, not later than **December 29, 2008,** defendant shall provide supplemental responses to Interrogatories Nos. 1, 4, and 5 as discussed above. **Failure to comply with this Order may result in the imposition of sanctions pursuant to Fed.R.Civ.P. 37**.

**IT IS FURTHER ORDERED** that, not later than **December 29, 2008**, plaintiffs shall file a verified statement of the expenses, including attorney's fees, incurred in connection with filing their motion to compel. Defendant shall have until **January 16, 2009**, to file a response to the verified statement.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 15th day of December, 2008.