UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| ATLANTIC RECORDING CORP., et al., | ) ) ) | |
| Plaintiffs, | ) ) | |
| vs. | ) ) | No. 4:06-CV-1708 (CEJ) |
| JENNA RALEIGH, | ) ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on plaintiffs' motion to strike, or, in the alternative, to dismiss defendant's amended counterclaims. Defendant has responded and the issues are fully briefed.

**I.    Background**

Plaintiffs are copyright owners or licensees of exclusive rights with respect to certain copyrighted sound recordings. Defendant is an individual, who resides in the Eastern District of Missouri.

On November 28, 2006, plaintiffs filed a complaint pursuant to 16 U.S.C. § 101, *et seq.*, seeking damages and equitable relief. On September 5, 2007, defendant filed an answer and counterclaims asserting violation of the Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. § 1962(c), (Count I), conspiracy to violate RICO (Count II), fraudulent misrepresentation (Count III), prima facie tort (Count IV), and conspiracy (Count V). On August 18, 2008, the Court granted plaintiffs' motion to dismiss defendant's counterclaims for failure to state a claim, and denied defendant's motion for leave to amend her counterclaims. On September 12, 2008, the Court issued a Case Management Order, which stated that "[a]ny joinder of additional parties or amendment of pleadings shall be no later than **November 17,**

2008. Thereafter, the parties must file a motion for leave to join additional parties or to amend pleadings." (Doc. #49, at 1) (emphasis in original). On November 17, 2008, defendant filed amended counterclaims, which included the same counterclaims she had previously asserted, along with three new counterclaims for trespass to chattels (Count VI), violation of the Computer Fraud and Abuse Act (CFAA), 18 U.S.C. § 1030, (Count VII), and conspiracy to commit trespass to chattel and to violate the CFAA (Count VIII). (Doc. #52).

II. **Discussion**

Plaintiffs move to (1) strike defendant's counterclaims in their entirety for failure to seek leave, pursuant to Rule 15(a), Fed.R.Civ.P.; (2) strike Counts I, II, III, IV, and V of defendant's amended counterclaims and the re-plead factual allegations upon which the counterclaims are based because they were previously dismissed; and (3) dismiss Counts VI, VII, and VIII of defendant's amended counterclaims for failure to state a cause of action upon which relief can be granted, pursuant to Rule 12(b)(6), Fed.R.Civ.P. The Court will not address defendant's trespass to chattels counterclaim (Count VI) because defendant states that she wishes to withdraw and dismiss it.

A. **Plaintiffs' Motion to Strike Defendant's Amended Counterclaims in their Entirety**

Rule 15(a), Fed.R.Civ.P., "governs the pretrial amendment of pleadings and states that where an amendment is not sought 'as a matter of course'-as defined by the Rule-'a party may amend its pleadings only with the opposing party's written consent or the court's leave.'" Sherman v. Winco Fireworks, Inc., 532 F.3d 709, 715 (8th Cir. 2008), citing Fed.R.Civ.P. 15(a)(2). Rule 13(f), Fed.R.Civ.P., states that "[t]he court may permit a party to amend a pleading to add a counterclaim if it was omitted through oversight, inadvertence, or excusable neglect or if justice so requires."

Plaintiffs move to strike defendant's amended counterclaims in their entirety for failure to seek leave, pursuant to Rules 15(a) and 13(f), Fed.R.Civ.P. In their reply, plaintiffs concede that "the Court granted both parties leave to amend their pleadings up to and including November 17, 2008." (Doc. #70, at 4). Pursuant to the Court's order, defendant filed her amended counterclaims on November 17, 2008. However, plaintiffs contend that, in order for defendant to add the counterclaims in Counts VII and VIII, Rules 13(f) and 15(a), Fed.R.Civ.P., required defendant to seek leave of court. Plaintiffs' contention is without merit. As stated above, the plain language of Rule 13 "permits a party to amend a pleading to <u>add</u> a counterclaim . . . ." Fed.R.Civ.P. 13(f) (emphasis added). Therefore, because the Court granted both parties leave to amend their pleadings no later than November 17, 2008, and defendant timely filed her amended counterclaims, the Court will not strike defendant's amended counterclaims in their entirety.

    **B.**    **Plaintiffs' Motion to Strike Defendant's Amended Counterclaims I through V and the Reasserted Allegations**

Under Fed.R.Civ.P. 12(f), a court may "order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Motions to strike on this basis are not favored and are infrequently granted, because they propose a drastic remedy. <u>Southwestern Bell Telephone, L.P. v. Missouri Public Service Comm'n</u>, 461 F.Supp.2d 1055, 1064 (E.D. Mo. 2006), <u>citing</u> <u>Stanbury Law Firm, P.A., v. Internal Revenue Serv.</u>, 221 F.3d 1059, 1063 (8th Cir. 2000). There is general judicial agreement that motions to strike should be denied "unless the challenged allegations have no possible relation or logical connection to the subject matter of the controversy and may cause some form of significant prejudice to one or

more of the parties to the action." 5C Charles Alan Wright & Arthur R. Miller, <u>Federal Practice & Procedure</u> § 1382.

Plaintiffs contend that, "[i]n her [a]mended [c]ounterclaims I-V, [d]efendant re-alleges counterclaims which were dismissed by the Court on August 18, 2008." (Doc. #61, at 6). Because "these counterclaims, and the factual allegations on which they were based, have already been dismissed, they are redundant, immaterial, and impertinent to this case and should be stricken under Rule 12(f)." <u>Id.</u> In her amended counterclaims, defendant admits that Counts I through V were previously dismissed by the Court. However, she states that she re-alleged the counterclaims in order to preserve the issue of their dismissal for appeal. Because of the previous dismissal of the counterclaims and the factual allegations upon which they were based, Counts I, II, III, IV, an V of defendant's amended counterclaims and the factual allegations upon which these counterclaims are based (*i.e.*, paragraphs 11, 13-16, 18-26, 28-32, 34-45, 47, 50-69, 77-78, 86-87, and 89-91) will be stricken.

### C. Plaintiffs' Motion to Dismiss Defendant's Amended Counterclaims VII and VIII

The purpose of a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure is to test the legal sufficiency of the complaint. The factual allegations of a complaint are assumed true and construed in favor of the plaintiff, "even if it strikes a savvy judge that actual proof of those facts is improbable." <u>Bell Atl. Corp. v. Twombly</u>, --- U.S. ---, 127 S. Ct. 1955, 1965 (May 21, 2007), <u>citing</u> <u>Swierkiewicz v. Sorema N.A.</u>, 534 U.S. 506, 508 n.1 (2002); <u>Neitzke v. Williams</u>, 490 U.S. 319, 327 (1989) ("Rule 12(b)(6) does not countenance . . . dismissals based on a judge's disbelief of a complaint's factual allegations"); <u>Scheuer v. Rhodes</u>, 416 U.S. 232, 236 (1974) (a well-pleaded complaint may proceed even if it appears "that a recovery is

very remote and unlikely"). The issue is not whether the plaintiff will ultimately prevail, but whether the plaintiff is entitled to present evidence in support of his claim. Id. A viable complaint must include "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp., 127 S. Ct. at 1974. See also id. at 1969 ("no set of facts" language in Conley v. Gibson, 355 U.S. 41, 45-46 (1957), "has earned its retirement."). "Factual allegations must be enough to raise a right to relief above the speculative level." Id. at 1965.

### 1. Count VII: Violation of the CFAA

In her seventh amended counterclaim, defendant asserts that plaintiffs violated 18 U.S.C. § 1030. Defendant does not identify any specific provision of the CFAA that plaintiffs allegedly violated. Examination of Count VII leads the Court to conclude that defendant's allegations are based on 18 U.S.C. § 1030(a)(5)(C). Under this section, a violation occurs when a person "intentionally accesses a protected computer without authorization, and as a result of such conduct, causes damage and loss." The CFAA defines: (1) "protected computer" as "a computer-- which is used in or affecting interstate . . . commerce or communication[;] and (2) "damage" as "any impairment to the integrity or availability of data, a program, a system or information[.]" 18 U.S.C. §§ 1030(e)(2)(B), 1030(e)(8). Additionally, the CFAA provides that:

> [T]he term "loss" means any reasonable cost to any victim, including the cost of responding to an offense, conducting a damage assessment, and restoring the data, program, or information to its condition prior to the offense, and any revenue lost, cost incurred, or other consequential damages incurred because of interruption of service[.]

18 U.S.C. § 1030(e)(11).

Plaintiffs argue that defendant has failed to allege sufficient facts to show that: (1) plaintiffs accessed defendant's computer without authorization; and (2) defendant suffered damage and loss. The Court agrees. Defendant alleges that "[p]laintiffs . .

. intentionally accessed [her] computer[.]" (Defendant's Am. Countercl., para. 132; Doc. #52, at 38). However, defendant offers no supporting facts to bolster this conclusory allegation. Defendant also alleges that her "computer[] and computer systems . . . were used in interstate commerce and/or communication." (Defendant's Am. Countercl., para. 133; Doc. #52, at 38). However, defendant provides no specific facts to explain how her computer was used in or affected interstate commerce.[1] As such, defendant provides a conclusory allegation that her computer is a "protected computer" within the scope of the CFAA. Finally, defendant alleges that "[plaintiffs'] conduct . . . resulted in impairment to the integrity and/or availability of data, a program, a system or information on [her] computer[.]" (Defendant's Am. Countercl., para. 133-34; Doc. #52, at 38). With the exception of a few additional words and punctuation marks, this allegation only contains the statutory definition of the term "damage." See 18 U.S.C. § 1030(e)(8). Moreover, defendant offers no supporting facts to describe any impairment to her computer's data, programs, system, or information. In sum, defendant's unsupported conclusory allegations contain nothing more than "a formulaic recitation of the elements" of a claim under 18 U.S.C. § 1030(a)(5)(C).[2] Bell Atl. Corp., 127 S. Ct. at 1965. Therefore, defendant's CFAA

---

[1] In her brief in opposition to plaintiffs' instant motion, defendant alleges that "[t]here is no question that [her] computer was used in a manner that affects interstate communication-it was through the computer's connection to the internet . . . . Thus, the computer was 'protected' for purposes of the statute." (Doc. #67, at 6). However, defendant does not mention this allegation in her amended counterclaims. As such, because "'matters outside the pleading' may not be considered in deciding a Rule 12 motion to dismiss," the Court will not consider this allegation. Enervations, Inc. v. Minn. Mining & Mfg. Co., 380 F.3d 1066, 1069 (8th Cir. 2004).

[2] In her response, defendant alleges that she has sustained a "loss" in excess of $5,000. (Doc. #67, at 8). However, this allegation does not appear in defendant's amended counterclaim. As such, the Court will not consider this assertion. See supra note 1 and accompanying text.

counterclaim fails to state a claim for which relief can be granted, and the Court will dismiss Count VII of defendant's amended counterclaims.

### 2. Count VIII: Civil Conspiracy

In her last counterclaim, defendant alleges that plaintiffs "conspired and agreed to commit the unlawful acts alleged in Count[] VII[.]"[3] (Defendant's Am. Countercl., para. 139; Doc. #52, at 40). Defendant alleges that, as a result of plaintiffs' conspiracy, she "suffered damages and incurred costs including legal fees." (Defendant's Am. Countercl., para. 142; Doc. #52, at 40). Because Count VII is the sole basis for defendant's civil conspiracy claim, and the Court has found that Count VII fails to state a claim upon which relief can be granted, Count VIII must also be dismissed.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiffs' motion to strike, or, in the alternative, to dismiss defendant's amended counterclaims [Doc. #60] is **granted.**

An order of partial dismissal will accompany this Memorandum and Order.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 2nd day of June, 2009.

---

[3] In the body of Count VIII, defendant alleges that her civil conspiracy claim is based on the "unlawful acts in Counts VI and VII above." (Defendant's Am. Countercl., para. 139; Doc. #52, at 40). However, as noted above, defendant withdrew Count VI for trespass to chattels. See (Doc. #67, at 5 n.3).